U.S. Bank N.A. v Bernice 380 Corp. (2020 NY Slip Op 05251)





U.S. Bank N.A. v Bernice 380 Corp.


2020 NY Slip Op 05251


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2018-04119
2018-08897
 (Index No. 606911/17)

[*1]U.S. Bank National Association, etc., appellant,
v
Bernice 380 Corp., respondent, et al., defendants.


RAS Boriskin, LLC, Westbury, NY (Joseph F. Battista of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Julianne T. Capetola, J.), entered February 15, 2018, and (2) an order of the same court dated May 21, 2018. The order entered February 15, 2018, granted the motion of the defendant Bernice 380 Corp. pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it as time-barred. The order dated May 21, 2018, insofar as appealed from, upon reargument, adhered to the original determination in the order entered February 15, 2018.
ORDERED that the appeal from the order entered February 15, 2018, is dismissed, without costs or disbursements, as that order was superseded by the order dated May 21, 2018, made upon reargument; and it is further,
ORDERED that the order dated May 21, 2018, is affirmed insofar as appealed from, without costs or disbursements.
In June 2006, the defendant Gregorio Perez (hereinafter the borrower) executed a note in the sum of $461,000 in favor of Mortgage Lenders Network USA, Inc. (hereinafter Mortgage Lenders), which was secured by a mortgage encumbering certain real property located in Nassau County. In an assignment dated January 23, 2008, Mortgage Electronic Registration Systems, Inc., as nominee for Mortgage Lenders, assigned the mortgage to LaSalle Bank, N.A., as trustee for the MLMI Trust Series 2006-MLNI (hereinafter LaSalle Bank). The borrower thereafter defaulted on his payment obligations by failing to pay the monthly installment of principal and interest due on June 1, 2008.
On February 17, 2009, LaSalle Bank commenced an action against, among others, the borrower to foreclose the mortgage (hereinafter the 2009 foreclosure action). That action was dismissed on or before January 10, 2013. The mortgage was thereafter assigned to the plaintiff on September 11, 2015. In August 2016, the borrower and the defendant Belkis Perez conveyed the subject property to the defendant Bernice 380 Corp. (hereinafter Bernice).
On July 14, 2017, the plaintiff commenced this action against, among others, Bernice, to foreclose the mortgage. Bernice moved pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it as time-barred. In an order entered February 15, 2018, the Supreme Court granted Bernice's motion. Thereafter, the plaintiff moved for leave to reargue its [*2]opposition to Bernice's motion. In an order dated May 21, 2018, the court, inter alia, granted reargument and, upon reargument, adhered to the original determination. The plaintiff appeals.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) on the ground that the statute of limitations has expired, the moving defendant must establish, prima facie, that the time in which to commence the action has expired" (Wells Fargo Bank, N.A. v Eitani, 148 AD3d 193, 197; see U.S. Bank N.A. v Gordon, 158 AD3d 832, 834-835). If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period (see U.S. Bank N.A. v Gordon, 158 AD3d at 835).
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). With respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid, and the statute of limitations begins to run on the date each installment becomes due (see Freedom Mtge. Corp. v Engel, 163 AD3d 631, 632; Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867; Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982). "However, 'even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt'" (Freedom Mtge. Corp. v Engel, 163 AD3d at 632, quoting EMC Mtge. Corp. v Patella, 279 AD2d 604, 605; see Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 986). "A lender may revoke its election to accelerate the mortgage, but it must do so by an affirmative act of revocation occurring during the six-year statute of limitations period subsequent to the initiation of the prior foreclosure action" (HSBC Bank USA, N.A. v Gold, 171 AD3d 1029, 1030 [internal quotation marks omitted]; see Milone v US Bank N.A., 164 AD3d 145, 154; Deutsche Bank Natl. Trust Co. v Adrian, 157 AD3d 934, 935).
Here, Bernice demonstrated that the six-year statute of limitations began to run on February 17, 2009, when the plaintiff's predecessor in interest accelerated the mortgage debt through its commencement of the 2009 foreclosure action (see Freedom Mtge. Corp. v Engel, 163 AD3d at 632-633; U.S. Bank N.A. v Martin, 144 AD3d 891, 891-892). Since the plaintiff did not commence the instant action until July 14, 2017, more than six years after February 17, 2009, Bernice established, prima facie, that the instant action was untimely (see Deutsche Bank Trust Co. Ams. v Smith, 170 AD3d 660, 660-661; 21st Mtge. Corp. v Osorio, 167 AD3d 823, 825; U.S. Bank Trust, N.A. v Aorta, 167 AD3d 807, 809). In opposition, the plaintiff failed to raise a question of fact.
The plaintiff's remaining contention is without merit (see Livadiotakis v Tzitzikalakis, 302 AD2d 369, 370).
Accordingly, we agree with the Supreme Court's determination to grant Bernice's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it as time-barred.
RIVERA, J.P., ROMAN, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court