Benedetto v Tannenbaum (2020 NY Slip Op 05176)





Benedetto v Tannenbaum


2020 NY Slip Op 05176


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2018-02596
 (Index No. 57020/16)

[*1]Linda Benedetto, appellant,
v
Gary A. Tannenbaum, etc., et al., respondents.


Gunilla Perez-Faringer, White Plains, NY, for appellant.
O'Connor, McGuinness, Conte, Doyle, Oleson, Watson & Loftus, LLP, White Plains, NY (Montgomery L. Effinger of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for medical malpractice and lack of informed consent, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Terry Jane Ruderman, J.), entered January 23, 2018. The judgment, upon an order of the same court dated December 22, 2017, granting the defendants' motion for summary judgment dismissing the complaint, is in favor of the defendants and against the plaintiff dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
On August 3, 2013, the defendant Gary A. Tannenbaum performed emergency endovascular surgery on the plaintiff to repair two aneurysms. Tannenbaum provided follow-up care to the plaintiff through November 23, 2013, after which time the plaintiff sought treatment from other physicians to address continuing pain in her right leg. In February 2014, the plaintiff underwent an angioplasty, but thereafter continued to suffer from leg pain.
The plaintiff commenced this action against Tannenbaum and the defendant Westchester Surgical Specialist, PLLC, of which Tannenbaum was the sole member, to recover damages for medical malpractice and lack of informed consent. The defendants moved for summary judgment dismissing the complaint. In an order dated December 22, 2017, the Supreme Court granted the defendants' motion. A judgment was entered upon the order dismissing the complaint. The plaintiff appeals.
"In order to establish the liability of a physician for medical malpractice, a plaintiff must prove that the physician deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries" (Stukas v Streiter, 83 AD3d 18, 23; see Hutchinson v New York City Health & Hosps. Corp., 172 AD3d 1037, 1039). Thus, in moving for summary judgment, a physician defendant must establish, prima facie, "either that there was no departure or that any departure was not a proximate cause of the plaintiff's injuries" (Lesniak v Stockholm Obstetrics & Gynecological Servs., P.C., 132 AD3d 959, 960). Once a defendant has made such a showing, the burden shifts to the plaintiff to "submit evidentiary facts or materials to rebut the prima facie showing by the defendant physician" (Alvarez v Prospect Hosp., 68 NY2d 320, 324; see Stukas v Streiter, 83 AD3d at 30).
Here, the defendants made a prima facie showing of their entitlement to judgment as a matter of law through the submission of the plaintiff's medical records and the affidavit of their expert, who opined within a reasonable degree of medical certainty that Tannenbaum did not depart from the accepted standard of care and that, in any event, any alleged departures were not a proximate cause of the plaintiff's injuries (see Wagner v Parker, 172 AD3d 954, 955; Lowe v Japal, 170 AD3d 701, 703). Further, the defendants demonstrated, prima facie, that the alleged lack of informed consent did not proximately cause the plaintiff's injuries (see Gilmore v Mihail, 174 AD3d 686, 688). The plaintiff's contention that the medical records submitted by the defendants were uncertified and, therefore, inadmissible is not properly before this Court, as she failed to raise it before the Supreme Court in opposition to the motion. The plaintiff did not challenge the accuracy of the uncertified records, and, in fact, she relied upon those records in opposition to the defendants' motion (see Tomeo v Beccia, 127 AD3d 1071, 1072-1073).
In opposition, the plaintiff failed to raise a triable issue of fact, as she did not submit an expert affidavit (see Cohen v Lebgutt Realty, LLC, 158 AD3d 740, 741; Koster v Davenport, 142 AD3d 966, 969; Lingfei Sun v City of New York, 99 AD3d 673, 676). Contrary to the plaintiff's contention, her decision to proceed pro se "had no effect on her burden to present legally competent evidence to oppose [the] summary judgment motion" (Clark v Basco, 83 AD3d 1136, 1139 n; see Duffen v State of New York, 245 AD2d 653, 653-654).
Accordingly, we agree with the Supreme Court's determination granting the defendants' motion for summary judgment dismissing the complaint.
The plaintiff's remaining contention is improperly raised for the first time on appeal.
AUSTIN, J.P., MILLER, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court