Emigrant Bank v McDonald (2021 NY Slip Op 04594)





Emigrant Bank v McDonald


2021 NY Slip Op 04594


Decided on August 4, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 4, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2017-07711
 (Index No. 504638/14)

[*1]Emigrant Bank, respondent,
v
Dawna McDonald, et al., defendants, Da'Tekena Barango-Tariah, etc., appellant.


Nkereuwem Umoh, Brooklyn, NY, for appellant.
Borchert & LaSpina, P.C., Whitestone, NY (Jason Sackoor of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Da'Tekena Barango-Tariah appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Kings County (Noach Dear, J.), dated November 1, 2017. The order and judgment of foreclosure and sale, upon an order of the same court dated August 12, 2016, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Da'Tekena Barango-Tariah, to strike that defendant's answer, and for an order of reference, and denying that branch of that defendant's cross motion which was, in effect, for summary judgment dismissing the complaint insofar as asserted against him, and upon an order of the same court, also dated August 12, 2016, among other things, appointing a referee to compute the amount due to the plaintiff, inter alia, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
The plaintiff commenced this action to foreclose a mortgage in May 2014. The plaintiff alleged that the defendants Dawna McDonald and Neisha Lynch (hereinafter together the borrowers) executed a note (hereinafter the subject note) that was secured by a mortgage on certain residential property located in Brooklyn, and that the borrowers had defaulted under the terms of the subject note and mortgage. McDonald interposed an answer to the complaint and Lynch failed to appear in the action. The defendant Da'Tekena Barango-Tariah (hereinafter the subordinate note holder), interposed an answer which, inter alia, included a statute of limitations defense.
The plaintiff subsequently moved, among other relief, for summary judgment on the complaint insofar as asserted against the subordinate note holder, to strike his answer, and to appoint a referee to compute the amount due to the plaintiff. The subordinate note holder opposed the plaintiff's motion and cross-moved, inter alia, in effect, for summary judgment dismissing the complaint insofar as asserted against him. In an order dated August 12, 2016, the Supreme Court, among other things, granted the plaintiff's motion and denied the subordinate note holder's cross motion. In a second order dated August 12, 2016, the court, inter alia, appointed a referee to [*2]compute the amount due to the plaintiff. An order and judgment of foreclosure and sale dated November 1, 2017, among other things, confirmed the referee's report and directed the sale of the subject property. The subordinate note holder appeals from the order and judgment of foreclosure and sale. We affirm.
"[T]he Statute of Limitations is generally viewed as a personal defense" (John J. Kassner & Co. v City of New York, 46 NY2d 544, 550), which is waived if it is not affirmatively pled (see CPLR 3018[b]; see also John J. Kassner & Co. v City of New York, 46 NY2d at 552; see also 1 Weinstein-Korn-Miller, NY Civ Prac: CPLR ¶ 201.11 [2021]; cf. CPLR 3211[a][5]). When properly invoked, an action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). However, an "understanding of the parties' respective rights and obligations under . . . the note and the mortgage" is required in order to determine when an action to foreclose a mortgage accrued and whether it is timely (Freedom Mtge. Corp. v Engel, 37 NY3d 1, 20).
In general, "[w]ith respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid, and the statute of limitations begins to run on the date each installment becomes due" (U.S. Bank Trust, N.A. v Aorta, 167 AD3d 807, 808). However, "residential mortgage contracts . . . typically provide[ ] noteholders the right to accelerate the maturity date of the loan upon the borrower's default, thereby demanding immediate repayment of the entire outstanding debt" (Freedom Mtge. Corp. v Engel, 37 NY3d at 21). When the holder of such a note elects to exercise that remedy, "a cause of action to recover the entire balance of the debt accrues at the time the loan is accelerated, triggering the six-year statute of limitations to commence a foreclosure action" (id.; see CPLR 203[a]; 213[4]).
Here, the subordinate note holder contended that the plaintiff commenced a prior foreclosure action to enforce the subject note and mortgage in March 2007 (hereinafter the 2007 action). The subordinate note holder alleged that the plaintiff elected to accelerate the mortgage debt when it commenced the 2007 action, and that more than six years had elapsed since that debt had been accelerated (see CPLR 213[4]).
However, even after the holder of a note has elected to accelerate the entire mortgage debt pursuant to the terms of the note and mortgage, the holder still retains the right to "revoke its election to accelerate . . . provided that there is no change in the borrower's position in reliance thereon" (Federal Natl. Mtge. Assn. v Mebane, 208 AD2d 892, 894; see Kilpatrick v Germania Life Ins. Co., 183 NY 163, 168; Golden v Ramapo Improvement Corp., 78 AD2d 648, 650; see also 1 Bergman on New York Mortgage Foreclosures § 4.03[1] [2021]). Indeed, the decision whether to revoke an acceleration and seek an alternative remedy for the borrower's breach "is discretionary with the [holder]" (Golden v Ramapo Improvement Corp., 78 AD2d at 650). The revocation of an election to accelerate a mortgage debt may be accomplished by an "unequivocal overt act" (Albertina Realty Co. v Rosbro Realty Corp., 258 NY 472, 476), taken by the holder of the note which "destroy[s] the effect" of the holder's prior election to accelerate the mortgage debt (id. at 476; see Freedom Mtge. Corp. v Engel, 37 NY3d 1).
Here, assuming, without deciding, that the statute of limitations defense was properly interposed, the subordinate note holder conceded that the 2007 action was discontinued less than six years after it was commenced (see Freedom Mtge. Corp. v Engel, 37 NY3d 1). In any event, contrary to the subordinate note holder's contention, the plaintiff's submissions, which included a loan modification agreement entered into between the plaintiff and the borrowers, demonstrated, prima facie, that the plaintiff revoked its prior election to accelerate the mortgage debt less than six years after the commencement of the 2007 action (see Goshen Mtge., LLC v DePalma, 186 AD3d 1203, 1206; U.S. Bank Trust, N.A. v Rudick, 172 AD3d 1430, 1431; see also Golden v Ramapo Improvement Corp., 78 AD2d at 650). Since the subordinate note holder failed to raise a triable issue of fact in response to the plaintiff's prima facie showing, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment striking the subordinate note holder's statute of limitations defense, and properly denied that branch of the subordinate note holder's cross motion which was, in effect, for summary judgment dismissing the complaint insofar as asserted against him as time-barred (see Freedom Mtge. Corp. v Engel, 37 NY3d 1; see generally [*3]CPLR 3212[b]; Hart v DiPiazza, 262 AD2d 283, 283).
The subordinate note holder's further contentions either need not be reached in light of the foregoing or are without merit. Accordingly, under the circumstances, we affirm the order and judgment of foreclosure and sale.
RIVERA, J.P., MILLER, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court