Arra v Kumar (2021 NY Slip Op 07270)





Arra v Kumar


2021 NY Slip Op 07270


Decided on December 22, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 22, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2018-00192 
2018-00199
 (Index No. 501209/11)

[*1]Anthony Arra, etc., appellant,
v
Sampath R. Kumar, etc., et al., respondents, et al., defendants.


Asher & Associates, P.C. (Hasapidis Law Offices, South Salem, NY [Annette G. Hasapidis], of counsel), for appellant.
Marulli, Lindenbaum & Tomaszewski, LLP, New York, NY (Sandford R. Lindenbaum and Lauren N. Ehrlich of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated September 20, 2017, and (2) a judgment of the same court entered November 3, 2017. The order, insofar as appealed from, granted that branch of the motion of the defendants Sampath R. Kumar and Sampath R. Kumar, Physician, P.C., which was for summary judgment dismissing the complaint insofar as asserted against them. The judgment, insofar as appealed from, upon the order, is in favor of those defendants and against the plaintiff dismissing the complaint insofar as asserted against those defendants.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendants Sampath R. Kumar and Sampath R. Kumar, Physician, P.C.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in this action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The plaintiff is the surviving spouse and administrator of the estate of the decedent, Ellen Lopez-Arra (hereinafter the decedent). In 2008, the decedent's hematologist referred her to the defendant Sampath R. Kumar for a splenectomy to treat the low platelet count in her blood. On March 24, 2009, Kumar performed the splenectomy at the defendant Lutheran Medical Center in Brooklyn (hereinafter Lutheran). While the decedent was on the operating table, Kumar noticed the presence of "a large stone in the gallbladder and evidence of . . . chronic cholecystitis" and he performed a cholecystectomy, removing the decedent's gallbladder.
The decedent did not exhibit any signs of infection during her postoperative recovery, and she was discharged from Lutheran on March 29, 2009. On June 3, 2009, the decedent was again admitted to Lutheran because of a pulmonary embolism. During this period of hospitalization, the decedent was running a high fever and was assessed as having an infection in her surgical wound, which was subsequently diagnosed as an E.coli infection. On June 16, 2009, the decedent was transferred to New York University Medical Center (hereinafter NYUMC), from which she was discharged on June 27, 2009. According to the plaintiff, the E.coli infection was resolved at NYUMC, and approximately six weeks after the decedent was discharged, she resumed her normal activities. In April 2011, the decedent died of natural causes.
The plaintiff, in his capacity as administrator of the decedent's estate, and individually, commenced this action against Kumar and his medical practice, the defendant Sampath R. Kumar, Physician, P.C. (hereinafter together the defendants), among others, to recover damages, inter alia, for medical malpractice and lack of informed consent. The defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted that branch of the defendants' motion and subsequently entered judgment dismissing the complaint against the defendants. The plaintiff appeals.
While the medical records submitted by the defendants in support of their motion were uncertified, the plaintiff does not argue that he was prejudiced by the admission of such records. Importantly, the plaintiff does not challenge the accuracy or veracity of the uncertified records and, in fact, he and his expert relied upon those records in opposing the defendants' motion (see Benedetto v Tannenbaum, 186 AD3d 1596, 1598; Tomeo v Beccia, 127 AD3d 1071, 1073). Thus, the Supreme Court did not err in considering those medical records in determining the defendants' motion.
"In order to establish the liability of a physician for medical malpractice, a plaintiff must prove that the physician deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries" (Stukas v Streiter, 83 AD3d 18, 23; see Benedetto v Tannenbaum, 186 AD3d at 1597). In moving for summary judgment, a defendant physician must establish, prima facie, "either that there was no departure or that any departure was not a proximate cause of the plaintiff's injuries" (see Benedetto v Tannenbaum, 186 AD3d at 1597, quoting Lesniak v Stockholm Obstetrics & Gynecological Servs., P.C., 132 AD3d 959, 960). Once a defendant has made such a showing, the burden shifts to the plaintiff to "submit evidentiary facts or materials to rebut the prima facie showing by the defendant physician" (Alvarez v Prospect Hosp., 68 NY2d 320, 324; see Stukas v Streiter, 83 AD3d at 30). Where a defendant physician makes a prima facie showing on both elements, "the burden shifts to the plaintiff to rebut the defendant's showing by raising a triable issue of fact as to both the departure element and the causation element" (Stukas v Streiter, 83 AD3d at 25).
Here, the defendants' submissions in support of their motion included, among other things, the decedent's medical records and the affirmation of their expert, who opined with a reasonable degree of medical certainty that Kumar did not depart from the accepted standard of care, and that, in any event, any alleged departures were not a proximate cause of the decedent's injuries as set forth in the plaintiff's bills of particulars. Through their submissions, as the plaintiff acknowledges, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the medical malpractice cause of action insofar as asserted against them (see Benedetto v Tannenbaum, 186 AD3d at 1598). Further, the defendants demonstrated, prima facie, that the alleged lack of informed consent to the removal of the decedent's gallbladder did not proximately cause the decedent's injuries (see Gilmore v Mihail, 174 AD3d 686, 688-689; Tsimbler v Fell, 123 AD3d 1009, 1010-1011).
"Although conflicting expert opinions may raise credibility issues which can only be resolved by a jury (see Feinberg v Feit, 23 AD3d 517, 519), expert opinions that are conclusory, speculative, or unsupported by the record are insufficient to raise triable issues of fact" (Wagner v Parker, 172 AD3d 954, 955). "In order not to be considered speculative or conclusory, expert opinions in opposition should address specific assertions made by the movant's experts, setting forth an explanation of the reasoning and relying on specifically cited evidence in the record" (id. at 955 [*2][internal quotation marks omitted]). "An expert opinion that is contradicted by the record cannot defeat summary judgment" (id., quoting Bartolacci-Meir v Sassoon, 149 AD3d 567, 572).
Here, in opposition to the defendants' motion, the plaintiff failed to raise a triable issue of fact with regard to either the medical malpractice or the lack of informed consent cause of action. The plaintiff's expert's affirmation failed to address the defendants' expert's contentions and relied on facts that were not supported by the record. Thus, the plaintiff's expert's affirmation was speculative, conclusory, and insufficient to defeat that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them (see Wagner v Parker, 172 AD3d at 955; Tsimbler v Fell, 123 AD3d at 1010-1011).
The plaintiff's remaining contention is without merit.
CHAMBERS, J.P., MILLER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court