MLB Sub I, LLC v Clark (2022 NY Slip Op 00420)





MLB Sub I, LLC v Clark


2022 NY Slip Op 00420


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2018-03892
 (Index No. 707266/14)

[*1]MLB Sub I, LLC, appellant, 
v
Michael Clark, respondent, et al., defendants.


Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Louis A. Levithan of counsel), for appellant.
Menashe & Associates, LLP, Montebello, NY (Shoshana Schneider and Chezki Menashe of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Chereé A. Buggs, J.), entered February 14, 2018. The order denied the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Michael Clark and for an order of reference, and granted the cross motion of the defendant Michael Clark for leave to reargue his prior cross motion for summary judgment dismissing the complaint insofar as asserted against him, which had been denied in an order of the same court dated May 9, 2017, and, upon reargument, in effect, vacated so much of the order dated May 9, 2017, as denied his prior cross motion for summary judgment dismissing the complaint insofar as asserted against him, and thereupon granted the prior cross motion.
ORDERED that the order entered February 14, 2018, is affirmed, with costs.
On September 22, 2005, the defendant Michael Clark (hereinafter the defendant) executed a note in the amount of $483,360 in favor of BNC Mortgage, Inc. The note was secured by a mortgage on real property in Rosedale, executed by the defendant in favor of Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for BNC Mortgage, Inc. Through a series of assignments, the note and mortgage ultimately were assigned to the plaintiff.
On July 26, 2006, U.S. Bank National Association (hereinafter U.S. Bank) commenced an action to foreclose the mortgage against the defendant, among others, and indicated in the complaint that it elected to accelerate the mortgage debt. U.S. Bank subsequently moved to discontinue the action and to cancel the notice of pendency. In an order dated August 20, 2014, the Supreme Court granted U.S. Bank's motion.
On October 8, 2014, the plaintiff commenced this action to foreclose the mortgage. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference, and the defendant cross-moved for summary judgment dismissing the complaint insofar as asserted against him as time-barred. In an order dated May 9, 2017, the Supreme Court denied the plaintiff's motion and the defendant's cross motion.
The plaintiff subsequently moved again, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant cross-moved for leave to reargue his prior cross motion. In an order entered February 14, 2018, the Supreme Court denied the plaintiff's motion, granted the defendant's cross motion, and, upon reargument, granted the defendant's prior cross motion for summary dismissing the complaint insofar as asserted against him as time-barred. The plaintiff appeals.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]; Citibank, N.A. v Kletzky, 196 AD3d 459, 461). "With respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid, and the statute of limitations begins to run on the date each installment becomes due" (U.S. Bank Trust, N.A. v Aorta, 167 AD3d 807, 808). However, "residential mortgage contracts . . . typically provide[ ] noteholders the right to accelerate the maturity date of the loan upon the borrower's default, thereby demanding immediate repayment of the entire outstanding debt" (Freedom Mtge. Corp. v Engel, 37 NY3d 1, 21). When the noteholder elects to exercise that remedy, "a cause of action to recover the entire balance of the debt accrues at the time the loan is accelerated, triggering the six-year statute of limitations to commence a foreclosure action" (id. at 21; see CPLR 203[a]; 213[4]). "A lender may revoke its election to accelerate the mortgage, but it must do so by an affirmative act of revocation occurring during the six-year statute of limitations period subsequent to the initiation of the prior foreclosure action" (U.S. Bank N.A. v Bernice 380 Corp., 186 AD3d 1750, 1752 [internal quotation marks omitted]). "[W]hen a bank effectuated an acceleration via the commencement of a foreclosure action, a voluntary discontinuance of that action—i.e., the withdrawal of the complaint—constitutes a revocation of that acceleration" (Freedom Mtge. Corp. v Engel, 37 NY3d at 31).
Here, the defendant established, prima facie, that this action is time-barred because U.S. Bank accelerated the debt when it commenced the prior foreclosure action on July 26, 2006, and the plaintiff commenced this action more than six years later, on October 8, 2014 (see CPLR 213[4]).
In opposition, the plaintiff failed to raise a triable issue of fact. Although the voluntary discontinuance of a foreclosure action constitutes an affirmative act of revocation (see Freedom Mtge. Corp. v Engel, 37 NY3d at 31), here, the prior foreclosure action was commenced on July 26, 2006, and was discontinued more than six years later, on August 20, 2014. Thus, the revocation did not occur during the six-year limitations period (see U.S. Bank N.A. v Barnett, 151 AD3d 791, 792; cf. Emigrant Bank v McDonald, 197 AD3d 453, 455).
Furthermore, the plaintiff failed to raise a triable issue of fact as to whether the statute of limitations was tolled pursuant to CPLR 204(a) and 11 USC § 362. Pursuant to CPLR 204(a), "[w]here the commencement of an action has been stayed by a court or by statutory prohibition, the duration of the stay is not a part of the time within which the action must be commenced." "Federal bankruptcy law automatically stays the commencement or continuation of any judicial proceedings against a debtor upon the filing of a bankruptcy petition" (Lubonty v U.S. Bank N.A., 34 NY3d 250, 252 [emphasis added]; see 11 USC § 362[a]; Nationstar Mtge., LLC v Jackson, 192 AD3d 813).
Here, the plaintiff submitted a so-ordered stipulation in a federal bankruptcy proceeding, which indicated that on January 9, 2009, BNC Mortgage, LLC, commenced a chapter 11 bankruptcy proceeding in the United States Bankruptcy Court for the Southern District of New York and that U.S. Bank was an "affiliated debtor." The plaintiff failed to raise a triable issue of fact as to whether the statute of limitations was tolled because the prior foreclosure action was commenced against the defendant, who was not the debtor in the bankruptcy proceeding (see 11 USC § 362; Lubonty v U.S. Bank N.A., 34 NY3d 250; Nationstar Mtge., LLC v Jackson, 192 AD3d 813).
The plaintiff's remaining contention is without merit.
Accordingly, upon reargument, the Supreme Court properly granted the defendant's [*2]prior cross motion for summary judgment dismissing the complaint insofar as asserted against him as time-barred. For the same reasons, the court properly denied the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference.
RIVERA, J.P., HINDS-RADIX, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court