MTGLQ Invs., L.P. v Lopez (2022 NY Slip Op 02788)

MTGLQ Invs., L.P. v Lopez

2022 NY Slip Op 02788

Decided on April 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
DEBORAH A. DOWLING, JJ.

2019-13939
 (Index No. 507326/18)

[*1]MTGLQ Investors, L.P., appellant, 
v
Elena Lopez, et al., defendants, Edwin A. Duran, respondent.

Friedman Vartolo LLP, New York, NY (Zachary Gold and Oran Schwager of counsel), for appellant.
Alice A. Nicholson, Brooklyn, NY, for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated October 30, 2019. The order, insofar as appealed from, granted the cross motion of the defendant Edwin A. Duran pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the cross motion of the defendant Edwin A. Duran pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred is denied.
In April 2018, the plaintiff commenced this action against, among others, the defendant Edwin A. Duran (hereinafter the defendant), to foreclose a mortgage. The plaintiff moved, inter alia, for summary judgment on the complaint and for an order of reference. The defendant opposed the motion and cross-moved pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred. In an order dated October 30, 2019, the Supreme Court denied the plaintiff's motion and granted the defendant's cross motion. The plaintiff appeals from so much of the order as granted the defendant's cross motion. We reverse the order insofar as appealed from.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see id. § 213[4]). "With respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid, and the statute of limitations begins to run, on the date each installment becomes due" (Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867; see Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982). However, a residential mortgage contract may provide the noteholder with "the right to accelerate the maturity date of the loan upon the borrower's default" (Freedom Mtge. Corp. v Engel, 37 NY3d 1, 21; see Emigrant Bank v McDonald, 197 AD3d 453, 454-455). When the noteholder elects to exercise that remedy, "a cause of action to recover the entire balance of the debt accrues at the time the loan is accelerated, triggering the six-year statute of limitations to commence a foreclosure action" (Freedom Mtge. Corp. v Engel, 37 NY3d at 21; see Wells Fargo Bank, N.A. v Burke, 94 AD3d at 982; EMC Mtge. Corp. v Patella, 279 AD2d 604, 605). "A lender may revoke its election to accelerate the mortgage, but it must do so by an affirmative act of revocation occurring during the six-year statute of limitations period" (NMNT [*2]Realty Corp. v Knoxville 2012 Trust, 151 AD3d 1068, 1069; see Emigrant Bank v McDonald, 197 AD3d at 454-455; U.S. Bank N.A. v Bernice 380 Corp., 186 AD3d 1750, 1752). As relevant here, "where the maturity of the debt has been validly accelerated by commencement of a foreclosure action, the noteholder's voluntary withdrawal of that action revokes the election to accelerate, absent the noteholder's contemporaneous statement to the contrary" (Freedom Mtge. Corp. v Engel, 37 NY3d at 19).
Here, the defendant established that the mortgage debt was accelerated in 2011, when the plaintiff's predecessor in interest commenced a prior foreclosure action and elected, in the complaint, to call due the entire amount secured by the mortgage (see Pennymac Corp. v Smith, 199 AD3d 820, 822; Citibank, N.A. v Kletzky, 196 AD3d 459, 461). However, the defendant's motion papers also included an order of the Supreme Court dated June 30, 2016, which granted the motion of the plaintiff's predecessor in interest to discontinue the prior action. "The defendant's evidence that the debt was accelerated by commencement of the prior action, which was later discontinued voluntarily, failed to demonstrate, prima facie, that an action to foreclose the subject mortgage was time-barred" (U.S. Bank N.A. v Davids, 197 AD3d 1203, 1205; see Freedom Mtge. Corp. v Engel, 37 NY3d at 19; Scarso v Wilmington Sav. Fund Socy., FSB, 200 AD3d 817). Accordingly, the Supreme Court should have denied the defendant's cross motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred.
IANNACCI, J.P., MILLER, MALTESE and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court