Deutsche Bank Natl. Trust Co. v Lewin (2022 NY Slip Op 02977)

Deutsche Bank Natl. Trust Co. v Lewin

2022 NY Slip Op 02977

Decided on May 4, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2019-11724
 (Index No. 508225/17)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Rowena Lewin, et al., defendants, Z & D Menahan, LLC, appellant.

Balfe & Holland, P.C., Melville, NY (Lee E. Riger of counsel), for appellant.
Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., Garden City, NY (Megan K. McNamara of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Z & D Menahan, LLC, appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated July 24, 2019. The order, insofar as appealed from, (1) upon reargument, vacated a prior order of the same court dated March 5, 2019, granting the motion of the defendant Z & D Menahan, LLC, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against it, and thereupon, in effect, denied the motion of the defendant Z & D Menahan, LLC, and restored the action to active status, and (2), in effect, denied that branch of the cross motion of the defendant Z & D Menahan, LLC, which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it.
ORDERED that the order dated July 24, 2019, is affirmed insofar as appealed from, with costs.
On March 22, 2005, the defendant Rowena Lewin executed a note in favor of Fremont Investment & Loan in the sum of $66,000. The note was secured by a mortgage on real property located in Brooklyn. In 2007, the note and mortgage were assigned to HSBC Bank USA, N.A. (hereinafter HSBC). By summons and complaint dated February 21, 2007, HSBC commenced an action to foreclose the mortgage against, among others, Lewin (hereinafter the 2007 action). HSBC elected in the 2007 action to accelerate the debt. In 2008, HSBC voluntarily discontinued the 2007 action. The mortgage was subsequently assigned to the plaintiff. In 2013, Lewin sold the subject property to VMS Capital Group, Inc., which subsequently sold the property to Z & D Menahan, LLC (hereinafter Z & D).
By summons and complaint dated April 17, 2017, the plaintiff commenced this action to foreclose the mortgage against, among others, Lewin and Z & D. The plaintiff served the complaint on Z & D in May 2017. Z & D failed to timely interpose an answer. By notice of motion dated December 12, 2018, Z & D moved pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against it. The Supreme Court granted this motion in an order dated March 5, 2019. The plaintiff moved for leave to reargue its opposition to Z & D's motion to dismiss pursuant to CPLR 3215(c). Z & D opposed the motion, and cross-moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it. In an order dated July 24, 2019, the court, [*2]among other things, granted the plaintiff's motion for leave to reargue, and upon reargument, vacated the order dated March 5, 2019, and thereupon, in effect, denied Z & D's motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against it and restored the action to active status. The court also, in effect, denied that branch of Z & D's cross motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it. Z & D appeals.
"If the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed" (CPLR 3215[c]). "To establish sufficient cause, the party opposing dismissal must demonstrate that it had a reasonable excuse for the delay in taking proceedings for entry of a default judgment and that it has a potentially meritorious action" (Deutsche Bank Natl. Trust Co. v Bakarey, 198 AD3d 718, 721 [internal quotation marks omitted]). "'The determination of whether an excuse is reasonable is committed to the sound discretion of the motion court'" (id. at 721 [alterations omitted], quoting Deutsche Bank Natl. Trust Co. v Charles, 186 AD3d 454, 456). "Reversal is warranted 'if that discretion is improvidently exercised'" (Deutsche Bank Natl. Trust Co. v Bakarey, 198 AD3d at 721, quoting OneWest Bank, FSB v Rodriguez, 171 AD3d 772, 773).
Here, Z & D was served with the summons and complaint pursuant to Limited Liability Company Law § 303, on May 26, 2017. Z & D defaulted by failing to serve an answer or move to extend the time to answer within 30 days thereof (see CPLR 320[a]). "Without more, the failure to answer or move within the allowable time period constituted a default" (Cumanet, LLC v Murad, 188 AD3d 1149, 1152; see CPLR 3215[a]). However, the plaintiff demonstrated that it participated in mandatory settlement conferences until October 11, 2017 (see CPLR 3408). Where an action is subject to a mandatory settlement conference, motions shall be held in abeyance while conferences are held and the one-year deadline imposed by CPLR 3215(c) is tolled (see 22 NYCRR 202.12a[c][7]; Deutsche Bank Natl. Trust Co. v Attard, 197 AD3d 619, 621; Cumanet, LLC v Murad, 188 AD3d at 1152). Accordingly, the plaintiff had one year from October 11, 2017, to take proceedings for the entry of a default judgment (see 22 NYCRR 202.12a[c][7]; Deutsche Bank Natl. Trust Co. v Attard, 197 AD3d at 621).
The plaintiff failed to establish that it took proceedings for the entry of a default judgment within one year from October 11, 2017. However, the Supreme Court providently exercised its discretion in finding that the plaintiff provided a sufficient explanation for its two-month delay in moving for entry of a default judgment. Accordingly, the court providently exercised its discretion in, upon reargument, vacating the order dated March 5, 2019, and thereupon, in effect, denying Z & D's motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against it and restoring the action to active status.
"In resolving a motion to dismiss pursuant to CPLR 3211(a)(5) on the ground that the cause of action is barred by the statute of limitations, the court must accept the facts as alleged in the complaint as true and accord the plaintiff the benefit of every possible favorable inference" (Bank of N.Y. Mellon v Bissessar, 172 AD3d 983, 984). "'On a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired'" (U.S. Bank Trust, N.A. v Miele, 186 AD3d 526, 528, quoting Wells Fargo Bank, N.A. v Burke, 155 AD3d 668, 669). "If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period" (Bank of N.Y. Mellon v Bissessar, 172 AD3d at 984 [internal quotation marks omitted]).
"An action to foreclose a mortgage is subject to a six-year statute of limitations" (MLB Sub I, LLC v Clark, 201 AD3d 925, 926; see CPLR 213[4]). "'With respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid, and the statute of limitations begins to run on the date each installment becomes due'" (MLB Sub I, LLC v Clark, 201 AD3d at 926, quoting U.S. Bank Trust, N.A. v Aorta, 167 AD3d 807, 808). However, [*3]"residential mortgage contracts have typically provided noteholders the right to accelerate the maturity date of the loan upon the borrower's default, thereby demanding immediate repayment of the entire outstanding debt" (Freedom Mtge. Corp. v Engel, 37 NY3d 1, 21; see MLB Sub I, LLC v Clark, 201 AD3d 925; Emigrant Bank v McDonald, 197 AD3d 453, 454). "When the holder of such a note elects to exercise that remedy, 'a cause of action to recover the entire balance of the debt accrues at the time the loan is accelerated, triggering the six-year statute of limitations to commence a foreclosure action'" (Emigrant Bank v McDonald, 197 AD3d at 454, quoting Freedom Mtge. Corp. v Engel, 37 NY3d at 21; see MLB Sub I, LLC v Clark, 201 AD3d 925). "'A lender may revoke its election to accelerate the mortgage, but it must do so by an affirmative act of revocation occurring during the six-year statute of limitations period subsequent to the initiation of the prior foreclosure action'" (MLB Sub I, LLC v Clark, 201 AD3d at 927, quoting U.S. Bank N.A. v Bernice 380 Corp., 186 AD3d 1750, 1752). "[W]here acceleration occurred by virtue of the filing of a complaint in a foreclosure action, the noteholder's voluntary discontinuance of that action constitutes an affirmative act of revocation of that acceleration as a matter of law, absent an express, contemporaneous statement to the contrary by the noteholder" (Freedom Mtge. Corp. v Engel, 37 NY3d at 32).
Here, Z & D failed to meet its burden of demonstrating, prima facie, that the instant action was time-barred (see Bank of N.Y. Mellon v Bissessar, 172 AD3d at 984). In support of its cross motion, Z & D submitted both the complaint from the 2007 action, showing that HSBC opted to accelerate the loan, and the 2008 notice of voluntary discontinuance of the 2007 action. Z & D's evidence thus showed that HSBC revoked the acceleration of the debt within six years of the acceleration, and as such, Z & D did not demonstrate, prima facie, that the 2007 acceleration rendered the instant action time-barred (see Freedom Mtge. Corp. v Engel, 37 NY3d at 32; U.S. Bank N.A. v Francis, 197 AD3d 525, 526-28). Because Z & D did not meet its prima facie burden, the burden did not shift to the plaintiff to raise issues of fact as to whether the instant action was time-barred (cf. Bank of N.Y. Mellon v Bissessar, 172 AD3d at 984). Accordingly, the Supreme Court correctly denied that branch of Z & D's cross motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it as time-barred.
In light of the foregoing, we need not consider the parties' remaining contentions.
DILLON, J.P., DUFFY, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court