U.S. Bank N.A. v O'Rourke (2022 NY Slip Op 05558)

U.S. Bank N.A. v O'Rourke

2022 NY Slip Op 05558

Decided on October 5, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 5, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
WILLIAM G. FORD
LILLIAN WAN, JJ.

2020-02850
 (Index No. 2504/17)

[*1]U.S. Bank National Association, etc., appellant,
v
Denise O'Rourke, etc., respondent, et al., defendants.

Hinshaw & Culbertson, LLP, New York, NY (Brian S. McGrath of counsel), for appellant.
Denise O'Rourke, Islandia, NY, respondent pro se.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered January 22, 2020. The order, insofar as appealed from, granted the cross motion of the defendant Denise O'Rourke, in effect, for summary judgment dismissing the complaint insofar as asserted against her and pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage and vacate the notice of pendency.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the cross motion of the defendant Denise O'Rourke which was pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage and vacate the notice of pendency, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In 2005, the defendant Denise O'Rourke (hereinafter the defendant) executed a note secured by a mortgage on residential property in Nassau County. In 2009, Chase Home Finance, LLC (hereinafter Chase HF), commenced an action to foreclose the mortgage (hereinafter the 2009 action) and elected in its complaint to accelerate the mortgage debt. In March 2015, the Supreme Court "purged" the 2009 action because there was "no activity."
In May 2017, the plaintiff commenced this action against the defendant, among others, to foreclose the mortgage. The defendant interposed an answer which included, inter alia, the affirmative defense of the statute of limitations and twelve counterclaims. However, the defendant did not assert a counterclaim pursuant to RPAPL 1501(4). In August 2019, the plaintiff moved, among other things, pursuant to CPLR 3126 to strike the defendant's answer. The defendant opposed the plaintiff's motion and cross-moved, in effect, for summary judgment dismissing the complaint insofar as asserted against her and pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage and vacate the notice of pendency, contending, among other things, that the instant action was time-barred. The Supreme Court, inter alia, granted the defendant's cross motion. The plaintiff appeals.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see [*2]CPLR 213[4]; MLB Sub I, LLC v Clark, 201 AD3d 925, 926). "'With respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid, and the statute of limitations begins to run on the date each installment becomes due'" (MLB Sub I, LLC v Clark, 201 AD3d at 926, quoting U.S. Bank Trust, N.A. v Aorta, 167 AD3d 807, 808). However, "residential mortgage contracts have typically provided noteholders the right to accelerate the maturity date of the loan upon the borrower's default, thereby demanding immediate repayment of the entire outstanding debt" (Freedom Mtge. Corp. v Engel, 37 NY3d 1, 21). "When the holder of such a note elects to exercise that remedy, 'a cause of action to recover the entire balance of the debt accrues at the time the loan is accelerated, triggering the six-year statute of limitations to commence a foreclosure action'" (Emigrant Bank v McDonald, 197 AD3d 453, 454, quoting Freedom Mtge. Corp. v Engel, 37 NY3d at 21).
Here, the defendant demonstrated her prima facie entitlement to judgment as a matter of law by submitting, inter alia, the complaint from the 2009 action, in which Chase HF elected to accelerate the mortgage debt more than six years before the plaintiff commenced this action (see MLB Sub I, LLC v Clark, 201 AD3d at 926).
In opposition, the plaintiff's sole argument was that it properly recommenced the 2009 action pursuant to CPLR 205(a). On appeal, the plaintiff has abandoned that argument, instead contending that the mortgage debt was not accelerated because Chase HF did not have standing to commence the 2009 action. However, this argument, raised for the first time on appeal, is not properly before this Court (see U.S. Bank N.A. v Salvodon, 189 AD3d 925, 926; HSBC Bank USA, N.A. v Gold, 171 AD3d 1029, 1031).
Accordingly, the Supreme Court properly granted that branch of the defendant's cross motion which was, in effect, for summary judgment dismissing the complaint insofar as asserted against her as time-barred.
However, the Supreme Court should not have granted that branch of the cross motion which was pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage and vacate the notice of pendency, since relief pursuant to RPAPL 1501(4) must be sought in an action or counterclaim and not by motion (see id.; Bank of N.Y. Mellon v 11 Bayberry St., LLC, 186 AD3d 1596, 1596; Deutsche Bank Natl. Trust Co. v Gambino, 153 AD3d 1232, 1234-1235). Although the plaintiff raises this issue for the first time on appeal, it involves a question of law that appears on the face of the record and could not have been avoided if brought to the attention of the Supreme Court (see Deutsche Bank Natl. Trust Co. v Rivera, 200 AD3d 1006, 1008; Deutsche Bank Natl. Trust Co. v Vu, 167 AD3d 844, 846; cf. Wells Fargo Bank v Islam, 174 AD3d 670, 671-672).
Contrary to the plaintiff's contention, the order appealed from did not grant the defendant summary judgment on her counterclaims.
CONNOLLY, J.P., ROMAN, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court