Wilmington Trust Co. v Yonkus (2024 NY Slip Op 00925)

Wilmington Trust Co. v Yonkus

2024 NY Slip Op 00925

Decided on February 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2021-08809
 (Index No. 704559/14)

[*1]Wilmington Trust Company, etc., appellant,
v
Gina Yonkus, et al., respondents, et al., defendants.

Akerman LLP, New York, NY (Jordan M. Smith of counsel), for appellant.
Doyle & Broumand, LLP, Bronx, NY (Michael B. Doyle of counsel), for respondents.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Marguerite A. Grays, J.), entered November 5, 2021. The order, in effect, granted the converted motion of the defendants Gina Yonkus and John Yonkus for summary judgment dismissing the complaint insofar as asserted against them as time-barred and to cancel and discharge of record the subject note and mortgage.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the converted motion of the defendants Gina Yonkus and John Yonkus which was to cancel and discharge of record the subject note and mortgage, and substituting therefor a provision denying that branch of the converted motion; as so modified, the order is affirmed, without costs or disbursements.
In January 2008, Citimortgage, Inc., the plaintiff's predecessor in interest, commenced an action to foreclose a mortgage against, among others, the defendants Gina and John Yonkus (hereinafter together the defendants) and elected in its complaint to accelerate the mortgage debt (hereinafter the 2008 foreclosure action). In December 2008, a judgment of foreclosure and sale was issued in the 2008 foreclosure action. The defendants moved to vacate the judgment of foreclosure and sale, and by order entered April 21, 2009, their motion was denied. Thereafter, the mortgage was assigned to the plaintiff.
In June 2014, the plaintiff commenced this action to foreclose the mortgage against the defendants, among others. The defendants moved to dismiss the complaint insofar as asserted against them and to cancel and discharge of record the subject note and mortgage on the ground that the action was time-barred. The Supreme Court, pursuant to CPLR 3211(c), converted the defendants' motion to dismiss into a motion for summary judgment, the parties made further submissions, and further proceedings were held. By order entered November 5, 2021, the court, in effect, granted the defendants' converted motion for summary judgment dismissing the complaint insofar as asserted against them as time-barred and to cancel and discharge of record the note and mortgage. The plaintiff appeals.
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]). Where the mortgage debt is accelerated, the entire balance of the debt accrues and [*2]the statute of limitations begins to run on the entire debt (see Lubonty v U.S. Bank N.A., 34 NY3d 250, 261).
Here, the defendants demonstrated that the six-year statute of limitations began to run on the entire debt in January 2008, when Citimortgage, Inc., commenced the 2008 foreclosure action and elected to call due the entire amount secured by the mortgage, and that this action was commenced more than six years later (see id. at 261; U.S. Bank N.A. v Simon, 216 AD3d 1041, 1042). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the statute of limitations was tolled or otherwise inapplicable or whether the plaintiff actually commenced the action within the applicable limitations period. Although the plaintiff argues that the defendants entered into a forbearance agreement that effectively reset the statute of limitations, the plaintiff failed to submit a copy of the purported forbearance agreement (see Bayview Loan Servicing, LLC v Paniagua, 207 AD3d 691, 692-693). The plaintiff's remaining contention regarding the statute of limitations is without merit. Accordingly, the Supreme Court properly granted that branch of the defendants' converted motion which was for summary judgment dismissing the complaint insofar as asserted against them as time-barred.
However, the Supreme Court should not have granted that branch of the converted motion which was to cancel and discharge of record the note and mortgage, as the defendants did not seek such relief in an action or counterclaim (see RPAPL 1501[4]; U.S. Bank N.A. v O'Rourke, 209 AD3d 699, 701; Bank of N.Y. Mellon v 11 Bayberry St., LLC, 186 AD3d 1596, 1596).
MILLER, J.P., MALTESE, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court