U.S. Bank N.A. v Simon (2023 NY Slip Op 02702)

U.S. Bank N.A. v Simon

2023 NY Slip Op 02702

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
HELEN VOUTSINAS, JJ.

2020-09391
2023-03988
 (Index No. 702414/16)

[*1]U.S. Bank National Association, etc., appellant,
v
Robyn R. Simon, respondent, et al., defendants; Letitia James, etc., intervenor-respondent.

Reed Smith, LLP, New York, NY (Jennifer L. Neuner, Andrew B. Messite, and James N. Faller of counsel), for appellant.
Queens Legal Services, Jamaica, NY (Christopher Newton of counsel), for respondent.
Letitia James, Attorney General, New York, NY (Barbara D. Underwood, Ester Murdukhayeva, and Mark S. Grube of counsel), intervenor-respondent pro se.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Pam B. Jackman-Brown, J.), entered December 7, 2020, and (2) an order of the same court entered January 25, 2021. The order entered December 7, 2020, insofar as appealed from, upon a decision of the same court entered February 25, 2020, granted those branches of the motion of the defendant Robyn R. Simon which were for summary judgment dismissing the complaint insofar as asserted against her as time-barred and on her counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage, and directed the Queens County Clerk to cancel and discharge of record the subject mortgage. The order entered January 25, 2021, insofar as appealed from, granted the same relief to the defendant Robyn R. Simon.
ORDERED that the order entered December 7, 2020, is reversed insofar as appealed from, on the law, without costs or disbursements, so much of the order entered January 25, 2021, as granted those branches of the motion of the defendant Robyn R. Simon which were for summary judgment dismissing the complaint insofar as asserted against her as time-barred and on her counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage, and directed the Queens County Clerk to cancel and discharge of record the subject mortgage is vacated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith; and it is further,
ORDERED that the appeal from the order entered January 25, 2021, is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the order entered December 7, 2020.
In June 2006, the defendant Robyn R. Simon (hereinafter the defendant) executed a [*2]note secured by a mortgage on property in Queens. In September 2008, the plaintiff commenced an action to foreclose the mortgage (hereinafter the 2008 action). By affirmation dated November 3, 2008, the plaintiff voluntarily discontinued the 2008 action.
On March 2, 2016, the plaintiff commenced the instant action to foreclose the mortgage. The defendant interposed an answer asserting various affirmative defenses, including the statute of limitations, and counterclaims to cancel and discharge of record the mortgage and to recover attorney's fees. The defendant then moved for summary judgment dismissing the complaint insofar as asserted against her and on her counterclaims. The plaintiff opposed the motion.
In an order entered December 7, 2020, upon a decision entered February 25, 2020, the Supreme Court, inter alia, granted those branches of the defendant's motion which were for summary judgment dismissing the complaint insofar as asserted against her and on her counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage, and directed the Queens County Clerk to cancel and discharge of record the mortgage. In a second order, entered January 25, 2021, the court granted the same relief to the defendant. The plaintiff appeals.
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]; Lubonty v U.S. Bank N.A., 34 NY3d 250, 261). Where the mortgage debt is accelerated, the entire balance of the debt accrues and the statute of limitations begins to run on the full amount due (see Lubonty v U.S. Bank N.A., 34 NY3d at 261; U.S. Bank N.A. v Dallas, 212 AD3d 680, 682). Under RPAPL 1501(4), "a person with an estate or interest in real property subject to an encumbrance may maintain an action to secure the cancellation and discharge of the encumbrance, and to adjudge the estate or interest free of it, if the applicable statute of limitations for commencing a foreclosure action has expired" (Milone v US Bank N.A., 164 AD3d 145, 151; see RPAPL 1501[4]).
Here, in support of her motion, the defendant demonstrated, prima facie, that the six-year statute of limitations began to run on the entire debt in September 2008, when the plaintiff commenced the 2008 action and elected to call due the entire amount secured by the mortgage (see U.S. Bank N.A. v Doura, 204 AD3d 721, 723; Wilmington Sav. Fund Socy., FSB v Igbal, 195 AD3d 772, 773). The defendant further demonstrated that the instant action was commenced in March 2016, more than seven years later (see CPLR 213[4]; U.S. Bank N.A. v Doura, 204 AD3d at 723).
On appeal, the plaintiff, citing Freedom Mtge. Corp. v Engel (37 NY3d 1), contends that it raised a triable issue of fact because the voluntary discontinuance of the 2008 action revoked its acceleration of the mortgage debt in the 2008 action and, thus, the instant action is timely. Notably, under the recently enacted Foreclosure Abuse Prevention Act (L 2022, ch 821, § 8 [eff Dec. 30, 2022]; hereinafter FAPA), the voluntary discontinuance of the 2008 action did not "in form or effect, waive, postpone, cancel, toll, extend, revive or reset the limitations period to commence an action and to interpose a claim, unless expressly prescribed by statute" (CPLR 3217[e]; see CPLR 203[h]; GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d 915, 917). However, the plaintiff challenges the constitutionality of FAPA, contending, inter alia, that FAPA violates the Due Process Clause and the Contract Clause of the United States Constitution. The defendant and the Attorney General, as intervenor (see Executive Law § 71; CPLR 1012[b]), contend that FAPA is constitutional. Inasmuch as the Supreme Court did not consider the issues relating to the constitutionality of FAPA in determining the subject branches of the defendant's motion, we remit the matter to the Supreme Court, Queens County, for consideration thereof, after any further briefing, argument, and hearing that the court deems appropriate, and for a new determination of the subject branches of the motion thereafter.
BRATHWAITE NELSON, J.P., RIVERA, ZAYAS and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court