Deutsche Bank Natl. Trust Co. v Wong (2023 NY Slip Op 03908)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Deutsche Bank Natl. Trust Co. v Wong

2023 NY Slip Op 03908

Decided on July 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
LILLIAN WAN, JJ.


2020-06456
(Index No. 704450/18)

[*1]Deutsche Bank National Trust Company, etc., appellant, 
vVicki Suhyun Wong, respondent, et al., defendants.

Locke Lord, LLP, New York, NY (Shawn A. Brenhouse of counsel), for appellant.
Binakis Law, P.C., Woodside, NY (Patrick Binakis of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Chereé A. Buggs, J.), dated July 2, 2020. The order, insofar as appealed from, granted those branches of the motion of the defendants Vicki Suhyun Wong and Mimi Hyun which were for summary judgment dismissing the complaint insofar as asserted against them as time-barred and on the counterclaim of the defendant Vicki Suhyun Wong pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage, and denied that branch of the plaintiff's cross-motion which was for summary judgment dismissing the counterclaim of the defendant Vicki Suhyun Wong pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage.
ORDERED that the order dated July 2, 2020, is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith.
In August 2005, the defendant Vicki Suhyun Wong executed a note secured by a mortgage on property located in Queens Village. On January 2, 2008, the plaintiff commenced an action to foreclose the mortgage (hereinafter the 2008 action) against Wong and the defendant Mimi Hyun sued therein as John Doe No. 1 (hereinafter together the defendants), among others, and elected to call due the entire amount secured by the mortgage. On June 6, 2012, the parties entered into a stipulation to voluntarily discontinue the 2008 action.
On March 23, 2018, the plaintiff commenced the instant action to foreclose the mortgage. In May 2018, Hyun interposed an answer, asserting various affirmative defenses, including the expiration of the statute of limitations. In June 2018, Wong interposed an answer, asserting various affirmative defenses, including the expiration of the statute of limitations, as well as, inter alia, a counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage.
On September 25, 2019, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them as time-barred and on Wong's counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage. The plaintiff cross-moved for [*2]summary judgment dismissing, inter alia, the counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage.
In an order dated July 2, 2020, the Supreme Court granted those branches of the defendants' motion which were for summary judgment dismissing the complaint insofar as asserted against them as time-barred and on Wong's counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage. The court also denied that branch of the plaintiff's cross-motion which was for summary judgment dismissing Wong's counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage. The plaintiff appeals.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]; U.S. Bank N.A. v Doura, 204 AD3d 721, 722). "Where the mortgage debt is accelerated, the entire balance of the debt accrues and the statute of limitations begins to run on the full amount due" (U.S. Bank N.A. v Simon, 216 AD3d 1041; U.S. Bank N.A. v Dallas, 212 AD3d 680, 682). RPAPL 1501(4) provides that "[w]here the period allowed by the applicable statute of limitation for the commencement of an action to foreclose a mortgage . . . has expired, any person having an estate or interest in the real property subject to such encumbrance may maintain an action . . . to secure the cancellation and discharge of record of such encumbrance, and to adjudge the estate or interest of the plaintiff in such real property to be free therefrom" (see Bank of Am., N.A. v Scher, 205 AD3d 985, 987).
Here, in support of their motion, the defendants demonstrated, prima facie, that the six-year statute of limitations began to run on the entire debt in January 2008, when the plaintiff commenced the 2008 action and elected to call due the entire amount secured by the mortgage (see U.S. Bank N.A. v Outlaw, ___ AD3d ___, 2023 NY Slip Op 03038; U.S. Bank N.A. v Simon, 216 AD3d 1041). The defendants further demonstrated that the instant action was commenced in March 2018, more than 10 years later (see CPLR 213[4]; U.S. Bank N.A. v Simon, 216 AD3d 1041).
On appeal, the plaintiff, citing Freedom Mtge. Corp. v Engel (37 NY3d 1), contends that it raised a triable issue of fact because the voluntary discontinuance of the 2008 action revoked its acceleration of the mortgage debt in that action and, thus, the instant action is timely. The plaintiff also contends that the instant action is timely because it did not have standing to commence the 2008 action, and, therefore, the mortgage debt was not validly accelerated by the commencement of that action. Notably, under the recently enacted Foreclosure Abuse Prevention Act (L 2022, ch 821, § 8 [eff Dec. 30, 2022]; hereinafter FAPA), the voluntary discontinuance of the 2008 action did not "'in form or effect, waive, postpone, cancel, toll, extend, revive or reset the limitations period to commence an action and to interpose a claim, unless expressly prescribed by statute'" (U.S. Bank N.A. v Simon, 216 AD3d 1041, quoting CPLR 3217[e]). Also, under FAPA, the plaintiff is estopped from asserting that the debt was not validly accelerated by the commencement of the 2008 action based on its lack of standing, and that, therefore, the instant action is timely. CPLR 213(4), as amended by FAPA, added paragraph (a), which provides that "[i]n any action on an instrument described under this subdivision, if the statute of limitations is raised as a defense, and if that defense is based on a claim that the instrument at issue was accelerated prior to, or by way of commencement of a prior action, a plaintiff shall be estopped from asserting that the instrument was not validly accelerated, unless the prior action was dismissed based on an expressed judicial determination, made upon a timely interposed defense, that the instrument was not validly accelerated." Here, since the 2008 action was voluntarily discontinued, and therefore was not "dismissed based on an expressed judicial determination, made upon a timely interposed defense, that the instrument was not validly accelerated," the plaintiff is estopped under FAPA from asserting that the debt was not validly accelerated by the commencement of the 2008 action based on the plaintiff's lack of standing (CPLR 213[4][a]).
However, the plaintiff challenges the constitutionality of FAPA, contending, inter alia, that FAPA violates the Due Process Clause and the Contract Clause of the United States Constitution. Inasmuch as the Supreme Court did not consider the issues relating to the constitutionality of FAPA in determining the subject branches of the defendants' motion and the plaintiff's cross-motion, we remit the matter to the Supreme Court, Queens County, for consideration [*3]thereof, after any further briefing, argument, and hearing that the court deems appropriate, and for a new determination of the subject branches of the motion and cross-motion thereafter.
IANNACCI, J.P., MILLER, CHRISTOPHER and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court