HSBC Bank USA, N.A. v Corrales (2024 NY Slip Op 00895)

HSBC Bank USA, N.A. v Corrales

2024 NY Slip Op 00895

Decided on February 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2020-05657
 (Index No. 704688/16)

[*1]HSBC Bank USA, N.A., respondent, 
v
Astrid Corrales, appellant, et al., defendants.

Gomberg Legal, P.C., New York, NY (Stanislav Gomberg of counsel), for appellant.
Hinshaw Culbertson LLP, New York, NY (Margaret J. Cascino of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Astrid Corrales appeals from an order of the Supreme Court, Queens County (Martin J. Schulman, J.), entered May 15, 2020. The order, insofar as appealed from, denied the motion of the defendant Astrid Corrales pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred and granted those branches of the plaintiff's cross-motion which were for summary judgment on the complaint insofar as asserted against defendant Astrid Corrales, to strike that defendant's amended answer, and for an order of reference.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, the motion of the defendant Astrid Corrales pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred is granted, and those branches of the plaintiff's cross-motion which were for summary judgment on the complaint insofar as asserted against the defendant Astrid Corrales, to strike that defendant's amended answer, and for an order of reference are denied.
On April 18, 2007, the defendant Astrid Corrales (hereinafter the defendant) executed a consolidated note and a consolidation, extension, and modification agreement (hereinafter CEMA) that consolidated several mortgages into a single lien in the amount of $600,000 in favor of the plaintiff's predecessor in interest. The CEMA was secured by a consolidated mortgage on certain real property located in Queens. In May 2009, the plaintiff's predecessor in interest commenced an action to foreclose the consolidated mortgage against the defendant, among others (hereinafter the 2009 action). In July 2014, the plaintiff's predecessor in interest voluntarily discontinued the 2009 action.
In April 2016, the plaintiff commenced the instant action to foreclose the consolidated mortgage. In her amended answer, the defendant asserted several affirmative defenses, including the statute of limitations. The defendant moved pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred. The plaintiff opposed the motion and cross-moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her amended answer, and for an order of reference. In an order entered May 15, 2020, the Supreme Court, among other things, denied the defendant's motion and granted those branches of the plaintiff's cross-motion. The defendant appeals.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) on the ground that the statute of limitations has expired, the moving defendant must establish, prima facie, that the time in which to commence the action has expired" (U.S. Bank N.A. v Bernice 380 Corp., 186 AD3d 1750, 1752 [internal quotation marks omitted]). "If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period" (id. at 1752).
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]; U.S. Bank N.A. v Simon, 216 AD3d 1041, 1042). Where the mortgage debt is accelerated, the entire balance of the debt accrues and the statute of limitations begins to run on the full amount due (see U.S. Bank N.A. v Simon, 216 AD3d at 1042).
Here, in support of her motion, the defendant demonstrated that the six-year statute of limitations began to run on the entire debt in May 2009, when the 2009 action was commenced and the plaintiff's predecessor in interest elected to call due the entire amount secured by the mortgage (see id.). The defendant further demonstrated that the instant action was commenced in April 2016, more than six years later (see CPLR 213[4]; U.S. Bank N.A. v Simon, 216 AD3d at 1042-1043). The defendant also submitted evidence demonstrating that the 2009 action was voluntarily discontinued in July 2014.
On appeal, the plaintiff, citing Freedom Mtge. Corp. v Engel (37 NY3d 1), argues that the voluntary discontinuance of the 2009 action revoked the acceleration of the mortgage debt in the 2009 action, and thus, the instant action is timely. However, the Foreclosure Abuse Prevention Act (L 2022, ch 821, § 4 [eff Dec. 30, 2022]) "amended CPLR 3217, governing the voluntary discontinuance of an action, by adding a new paragraph (e), which provides that '[i]n any action on an instrument described under [CPLR 213(4)], the voluntary discontinuance of such action, whether on motion, order, stipulation or by notice, shall not, in form or effect, waive, postpone, cancel, toll, extend, revive or reset the limitations period to commence an action and to interpose a claim, unless expressly prescribed by statute'" (Bank of N.Y. Mellon v Stewart, 216 AD3d 720, 723).
Therefore, the voluntary discontinuance of the 2009 action did not "'in form or effect, waive, postpone, cancel, toll, extend, revive or reset the limitations period to commence an action and to interpose a claim'" (U.S. Bank N.A. v Simon, 216 AD3d at 1043, quoting CPLR 3217[e]; see CPLR 203[h]; Bank of N.Y. Mellon v Stewart, 216 AD3d at 723).
Moreover, any claim by the plaintiff that by mailing certain mortgage statements to the defendant subsequent to the discontinuance of the 2009 action, the mortgage debt was de-accelerated, is without merit. Pursuant to CPLR 203(h), part of the recently enacted Foreclosure Abuse Prevention Act, "[o]nce a cause of action upon an instrument described in [CPLR 213(4)] has accrued, no party may, in form or effect, unilaterally waive, postpone, cancel, toll, revive, or reset the accrual thereof, or otherwise purport to effect a unilateral extension of the limitations period prescribed by law to commence an action and to interpose the claim, unless expressly prescribed by statute."
Thus, the defendant established, prima facie, that the instant action was untimely (see U.S. Bank N.A. v Simon, 216 AD3d at 1042-1043). In opposition, the plaintiff failed to raise a question of fact (see Anglestone Real Estate Venture Partners Corp. v Bank of New York Mellon, 221 AD3d 943).
Accordingly, the Supreme Court should have granted the defendant's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred and denied those branches of the plaintiff's cross-motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her amended answer, and for an order of reference.
In light of our determination, we need not reach the defendant's remaining contention.
CONNOLLY, J.P., CHAMBERS, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court