U.S. Bank N.A. v Lucero (2024 NY Slip Op 01578)

U.S. Bank N.A. v Lucero

2024 NY Slip Op 01578

Decided on March 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2020-02036
 (Index No. 701578/18)

[*1]U.S. Bank National Association, etc., appellant,
v
Luis A. Lucero, respondent, et al., defendants.

J. Robbin Law, PLLC, Armonk, NY (Jacquelyn A. DiCicco and Jonathan M. Robbin of counsel), for appellant.
Queens Volunteer Lawyers Project, Inc., Jamaica, NY (Kristen J. Dubowski and Charles A. Giudice of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Ulysses B. Leverett, J.), dated January 13, 2020. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant Luis A. Lucero.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In June 2009, the plaintiff's predecessor in interest commenced an action against, among others, the defendant Luis A. Lucero (hereinafter the defendant) to foreclose a mortgage encumbering certain real property located in Queens (hereinafter the 2009 action). In an order dated September 10, 2013, the 2009 action was voluntarily discontinued upon the motion of the plaintiff's predecessor in interest.
In January 2018, the plaintiff commenced this action to foreclose the mortgage. The defendant interposed an answer. The plaintiff then moved, among other things, for summary judgment on the complaint insofar as asserted against the defendant. The defendant opposed the plaintiff's motion.
In an order dated January 13, 2020, the Supreme Court, inter alia, denied that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant. The plaintiff appeals.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]; U.S. Bank N.A. v Simon, 216 AD3d 1041, 1042). Where the mortgage debt is accelerated, the entire balance of the debt accrues and the statute of limitations begins to run on the full amount due (see U.S. Bank N.A. v Simon, 216 AD3d at 1042). An acceleration of a mortgage debt can occur when a creditor commences an action to foreclose upon a note and mortgage and seeks payment of the full balance due in the complaint (see Johnson v Cascade Funding Mtge. Trust 2017-1, 220 AD3d 929).
Here, in opposition to the plaintiff's prima facie showing, the defendant raised a triable issue of fact regarding his affirmative defense alleging that the action was barred by the statute of limitations (see Aurora Loan Servs., LLC v Thomas, 53 AD3d 561).
Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant.
The defendant's remaining contention is not properly before this Court.
DUFFY, J.P., CHRISTOPHER, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court