Reverse Mtge. Solutions, Inc. v Gipson (2024 NY Slip Op 04335)

Reverse Mtge. Solutions, Inc. v Gipson

2024 NY Slip Op 04335

Decided on August 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
CARL J. LANDICINO, JJ.

2022-05592
2023-02276
 (Index No. 701516/18)

[*1]Reverse Mortgage Solutions, Inc., respondent,
v
Danielle C. Gipson, etc., appellant.

Queens Legal Services, Jamaica, NY (Emily Corcione of counsel), for appellant.
Parker Ibrahim & Berg LLP, New York, NY (Robert N. Pollock and Ashley E. Ragan of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant appeals from (1) an order of the Supreme Court, Queens County (Joseph Risi, J.), entered June 10, 2022, and (2) an order of the same court entered January 5, 2023. The order entered June 10, 2022, insofar as appealed from, granted the plaintiff's motion for summary judgment on the complaint, to strike the defendant's answer and counterclaims, and to appoint a referee to compute the amount due on the note, and denied those branches of the defendant's cross-motion which were for summary judgment dismissing the complaint and on her counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage. The order entered January 5, 2023, insofar as appealed from, granted the same relief to the plaintiff, denied the same relief to the defendant, and appointed a referee to compute the amount due on the note.
ORDERED that the orders are reversed insofar as appealed from, on the law, with one bill of costs, the plaintiff's motion for summary judgment on the complaint, to strike the defendant's answer and counterclaims, and to appoint a referee to compute the amount due on the note is denied, and those branches of the defendant's cross-motion which were for summary judgment dismissing the complaint and on her counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage are granted.
In March 2003, the decedent executed and delivered to BNY Mortgage Company, LLC (hereinafter BNY), an adjustable rate note in the amount of $185,000, secured by a reverse mortgage on real property known as 105-31 171st Place, Jamaica. In April 2008, the decedent died, leaving the defendant, her daughter, as her sole heir.
On February 18, 2010, the plaintiff's alleged predecessor in interest, Bank of America, N.A. (hereinafter BOA), commenced an action to foreclose the reverse mortgage (hereinafter the prior action). The notice of pendency, summons, complaint, and affidavits of service mistakenly described the property address as "171st Street," instead of "171st Place."
In June 2017, the plaintiff moved, unopposed, for a judgment of foreclosure and sale and to amend the property address nunc pro tunc. By order dated September 18, 2017 (hereinafter the 2017 Order), the Supreme Court (Jeremy S. Weinstein, J.) denied the plaintiff's motion, [*2]concluding that the plaintiff was "not entitled to relief in this foreclosure action as it has used the wrong address since the inception of this case." By order dated March 29, 2019, the court (Mojgan C. Lancman, J.), inter alia, denied the plaintiff's cross-motion to amend the pleadings to correct the property address and, sua sponte, directed dismissal of the complaint based upon the law of the case doctrine, concluding that the 2017 Order "[made] it clear that the plaintiff is not entitled to any relief" in the action.
Meanwhile, on January 31, 2018, the plaintiff commenced the instant action to foreclose the reverse mortgage. The defendant answered, asserting as an affirmative defense that the action was barred by the statute of limitations and interposing a counterclaim, among others, pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage. The plaintiff moved for summary judgment on the complaint, to strike the defendant's answer and counterclaims, and to appoint a referee to compute the amount due on the note. The defendant cross-moved, inter alia, for summary judgment dismissing the complaint and on her counterclaim to cancel and discharge of record the mortgage. In the orders appealed from, the Supreme Court, among other things, granted the plaintiff's motion and denied those branches of the defendant's cross-motion. The defendant appeals.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]; GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d 915, 916). "Even if the mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and payable, and the statute of limitations begins to run on the entire debt" (GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d at 916). "RPAPL 1501(4) provides that [w]here the period allowed by the applicable statute of limitation for the commencement of an action to foreclose a mortgage . . . has expired, any person having an estate or interest in the real property subject to such encumbrance may maintain an action . . . to secure the cancellation and discharge of record of such encumbrance, and to adjudge the estate or interest of the plaintiff in such real property to be free therefrom" (Johnson v Cascade Funding Mtge. Trust 2017-1, 220 AD3d 929, 930-931 [internal quotation marks omitted]).
In the present case, the defendant demonstrated, prima facie, that the instant action, commenced on January 31, 2018, was time-barred, as the statute of limitations began to run on the entire debt, at the latest, by February 18, 2010, when BOA commenced the prior action to foreclose, and elected in the complaint to call due the entire amount secured by the reverse mortgage (see Ronen, LLC v Bais Hamedrash Ateres Chaim Hanipoly, 221 AD3d 741, 744). The burden then shifted to the plaintiff to raise a triable issue of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether it had actually commenced the action within the applicable limitations period (see Bank of N.Y. Mellon v DeMatteis, 222 AD3d 1, 9).
Contrary to the plaintiff's contention, it failed to raise such a triable issue of fact on the asserted basis that the prior action did not constitute a valid acceleration of the debt in light of BOA's use of the improper property address and the resulting dismissal of the action. "[T]he recently enacted Foreclosure Abuse Prevention Act (L 2022, ch 821, § 8 [eff Dec. 30, 2022] [hereinafter FAPA])" amended CPLR 213(4) by adding paragraph (a), which provides that "'[i]n any action on an instrument described under this subdivision, if the statute of limitations is raised as a defense, and if that defense is based on a claim that the instrument at issue was accelerated prior to, or by way of commencement of a prior action, a plaintiff shall be estopped from asserting that the instrument was not validly accelerated, unless the prior action was dismissed based on an expressed judicial determination, made upon a timely interposed defense, that the instrument was not validly accelerated'" (Deutsche Bank Natl. Trust Co. v Wong, 218 AD3d 742, 744).
Here, the prior action was not dismissed "on an expressed judicial determination, made upon a timely interposed defense, that the instrument was not validly accelerated" (CPLR 213[4][a]; see Bank of N.Y. Mellon v DeMatteis, 222 AD3d at 8; Deutsche Bank Natl. Trust Co. v Wong, 218 AD3d at 744). Thus, under FAPA, the plaintiff is estopped from asserting that the debt was not validly accelerated by the commencement of the prior action (see Deutsche Bank Natl. Trust Co. v Wong, 218 AD3d at 744).
Contrary to the plaintiff's further contention, it failed to establish that it was an assignee or agent of a federal agency entitled to immunity from New York's statute of limitations (see Nationstar Mtge., LLC v Scheinberg, 216 AD3d 652, 654; Bank of Am., N.A. v Gulnick, 170 AD3d 1365, 1367; see also Carr Holdings, LLC v Martinez, 205 AD3d 767, 769).
Accordingly, the Supreme Court should have denied the plaintiff's motion for summary judgment on the complaint, to strike the defendant's answer and counterclaims, and to appoint a referee to compute the amount due on the note, and should have granted those branches of the defendant's cross-motion which were for summary judgment dismissing the complaint and on her counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage.
The parties' remaining contentions either were improperly raised for the first time on appeal and, thus, are not properly before this Court, or need not be reached in light of our determination.
IANNACCI, J.P., MALTESE, FORD and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court