U.S. Bank Trust, N.A. v Flaumenbaum (2026 NY Slip Op 01243)

U.S. Bank Trust, N.A. v Flaumenbaum

2026 NY Slip Op 01243

Decided on March 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2023-11888
 (Index No. 514623/19)

[*1]U.S. Bank Trust, N.A., etc., appellant,
vMichelle Flaumenbaum, respondent, et al., defendant.

Day Pitney LLP, New York, NY (Christina A. Livorsi, Nathaniel T. N. Fleming, Kevin T. MacTiernan, and Catherine Welker of counsel), for appellant.
Bronstein, Gewirtz & Grossman, LLC, New York, NY (Edward N. Gewirtz of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated August 21, 2023. The order granted the motion of the defendant Michelle Flaumenbaum for leave to renew her prior cross-motion for summary judgment dismissing the complaint insofar as asserted against her as time-barred and her opposition to that branch of the plaintiff's prior motion which was for summary judgment on the complaint insofar as asserted against her, which had been determined in an order of the same court dated February 15, 2022, and, upon renewal, in effect, vacated the determination in the order dated February 15, 2022, denying the prior cross-motion of the defendant Michelle Flaumenbaum for summary judgment dismissing the complaint insofar as asserted against her as time-barred and granting that branch of the plaintiff's prior motion which was for summary judgment on the complaint insofar as asserted against that defendant, and thereupon, granted the prior cross-motion and denied that branch of the prior motion.
ORDERED that the order dated August 21, 2023, is affirmed, with costs.
In June 2009, BAC Home Loans Servicing, LP (hereinafter BAC), commenced an action (hereinafter the 2009 action) against the defendant Michelle Flaumenbaum (hereinafter the defendant), among others, to foreclose a mortgage on certain real property located in Brooklyn. By order dated July 19, 2012, the 2009 action was voluntarily discontinued.
In July 2019, the plaintiff commenced the instant action against the defendant, among others, to foreclose the same mortgage. In December 2019, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant. The defendant opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against her as time-barred. By order dated February 15, 2022, the Supreme Court, among other things, granted that branch of the plaintiff's motion and denied the defendant's cross-motion.
In February 2023, the defendant moved for leave to renew her opposition to that branch of the plaintiff's prior motion which was for summary judgment on the complaint insofar as asserted against the defendant and her prior cross-motion for summary judgment dismissing the complaint insofar as asserted against her as time-barred based upon the change in the law that [*2]occurred with the enactment of the Foreclosure Abuse Prevention Act (FAPA) (L 2022, ch 821) on December 30, 2022. By order dated August 21, 2023, the Supreme Court granted the defendant leave to renew and, upon renewal, granted the defendant's prior cross-motion and denied that branch of the plaintiff's prior motion. The plaintiff appeals.
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]; Lubonty v U.S. Bank N.A., 34 NY3d 250, 261; Deutsche Bank Natl. Trust Co. v DiGiorgio, 237 AD3d 899, 900). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (BHMPW Funding, LLC v Lloyd-Lewis, 194 AD3d 780, 782 [internal quotation marks omitted]; see Deutsche Bank Natl. Trust Co. v DiGiorgio, 237 AD3d 899). "Acceleration occurs, inter alia, by the commencement of a foreclosure action wherein the [holder of the note] elects in the complaint to call due the entire amount secured by the mortgage" (GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d 915, 916; see Deutsche Bank Natl. Trust Co. v DiGiorgio, 237 AD3d 899).
Here, the defendant demonstrated, prima facie, that the six-year statute of limitations began to run in June 2009, when BAC commenced the 2009 action and elected in the complaint to call due the entire amount secured by the mortgage (see HSBC Bank USA, N.A. v Corrales, 224 AD3d 816, 818). The defendant further demonstrated that this action was commenced in July 2019, more than six years later (see CPLR 213[4]; U.S. Bank N.A. v Simon, 216 AD3d 1041, 1042-1043). The defendant thus established, prima facie, that this action was time-barred (see Deutsche Bank Natl. Trust Co. v DiGiorgio, 237 AD3d 899).
The plaintiff does not dispute that, under FAPA, BAC's voluntary discontinuance of the 2009 action did not revoke the acceleration of the loan or reset the statute of limitations (see CPLR 3217[e], 213[4]; Deutsche Bank Natl. Trust Co. v. DiGiorgio, 237 AD3d 899). The plaintiff's arguments challenging FAPA's retroactive application and constitutionality under the United States Constitution are without merit (see Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d 1065, 1067-1068; 97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d 1038, 1042-1043).
BARROS, J.P., FORD, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court