U.S. Bank N.A. v Singh (2026 NY Slip Op 01242)

U.S. Bank N.A. v Singh

2026 NY Slip Op 01242

Decided on March 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
BARRY E. WARHIT
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2024-01505
 (Index No. 607633/17)

[*1]U.S. Bank National Association, etc., appellant,
vGurinder Singh, etc., et al., respondents, et al., defendants.

Frenkel Lambert Weiss Weisman & Gordon, LLP, Bay Shore, NY (Ruth O'Connor of counsel), for appellant.
Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi and Joseph A. Jacobson of counsel), for respondents.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Nassau County (David P. Sullivan, J.), entered November 8, 2023. The order, insofar as appealed from, upon renewal, in effect, vacated an order of the same court dated September 25, 2018, denying the prior motion of the defendants Gurinder Singh and Mangaljit Kaur, in effect, for summary judgment dismissing the complaint insofar as asserted against them as time-barred and on their counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage, and thereupon granted the prior motion.
ORDERED that the order entered November 8, 2023, is affirmed insofar as appealed from, with costs.
On August 30, 2006, the defendants Gurinder Singh and Mangaljit Kaur (hereinafter together the defendants) executed a note in the sum of $495,000 in favor of Wilmington Finance, Inc. The note was secured by a mortgage on certain real property located in Hicksville. The defendants allegedly defaulted on their payment obligations under the note. By assignment of mortgage dated May 20, 2008, the mortgage was assigned to the plaintiff.
In May 2008, the plaintiff commenced an action (hereinafter the 2008 action) against the defendants, among others, to foreclose the mortgage. The plaintiff elected in the complaint "to call due the entire amount secured by the mortgage." The defendants served an answer to the complaint. In December 2011, the plaintiff moved, inter alia, to vacate a judgment of foreclosure and sale dated July 30, 2010, and to voluntarily discontinue the 2008 action. In an order entered January 24, 2012, the Supreme Court granted the motion.
On August 1, 2017, the plaintiff commenced this action against the defendants, among others, to foreclose the mortgage. The defendants interposed an answer in which they asserted, among other things, an affirmative defense alleging that the action was barred by the statute of limitations and a counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage.
In June 2018, the defendants moved, in effect, for summary judgment dismissing the complaint insofar as asserted against them as time-barred and on their counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage. The plaintiff opposed the motion, arguing that this action was timely because the mortgage debt was de-accelerated when the 2008 action was voluntarily discontinued. In an order dated September 25, 2018, the Supreme Court denied the defendants' motion.
In July 2023, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer and dismiss their counterclaims, and for an order of reference. The defendants cross-moved for leave to renew their prior motion, in effect, for summary judgment dismissing the complaint insofar as asserted against them as time-barred and on their counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage in light of the enactment of the Foreclosure Abuse Prevention Act (FAPA) (L 2022, ch 821 [eff Dec. 30, 2022]). The plaintiff opposed the defendant's cross-motion. In an order entered November 8, 2023, the Supreme Court, among other things, upon renewal, granted the defendants' prior motion. The plaintiff appeals.
"An action to foreclose a mortgage is governed by a six-year statute of limitations" (U.S. Bank N.A. v Santos, 218 AD3d 827, 828; see CPLR 213[4]). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the statute of limitations begins to run on the entire debt" (Bank of N.Y. Mellon v Mor, 201 AD3d 691, 694). "The entire mortgage debt will be deemed to have been accelerated by, as relevant here, the commencement of a mortgage foreclosure action in which the complaint seeks payment of the full outstanding loan balance" (U.S. Bank N.A. v Connor, 204 AD3d 861, 863).
CPLR 203(h), as amended by FAPA, provides, in relevant part, that once a cause of action to foreclose a mortgage has accrued, no party may, in form or effect, unilaterally revive or reset the accrual thereof, or otherwise purport to effect a unilateral extension of the statute of limitations (see US Bank Trust, N.A. v Horowitz, 238 AD3d 1093; FV-1, Inc. v Palaguachi, 234 AD3d 818, 821). Moreover, FAPA amended CPLR 3217(e) to provide, in relevant part, that the voluntary discontinuance of a foreclosure action shall not toll, extend, revive, or reset the statute of limitations, unless expressly prescribed by statute (see FV-1, Inc. v Palaguachi, 234 AD3d at 821).
Pursuant to RPAPL 1501(4), a person having an estate or interest in real property subject to a mortgage may maintain an action to secure the cancellation and discharge of the encumbrance, and to adjudge the estate or interest free of it, if the applicable statute of limitations for commencing a foreclosure action has expired (see U.S. Bank N.A. v Medianik, 223 AD3d 935, 938; Ditmid Holdings, LLC v JPMorgan Chase Bank, N.A., 180 AD3d 1002, 1003).
Here, the defendants established, prima facie, that the six-year statute of limitations began to run in May 2008 when the plaintiff commenced the 2008 action and elected in the complaint to call due the entire amount secured by the mortgage (see HSBC Bank USA, N.A. v Corrales, 224 AD3d 816, 818). The defendants further demonstrated that this action was commenced in August 2017, more than six years later (see U.S. Bank N.A. v Simon, 216 AD3d 1041, 1042-1043).
In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff does not dispute that, applying FAPA, its voluntary discontinuance of the 2008 action did not revive or reset the statute of limitations (see CPLR 203[h]; 3217[e]; IPA Asset Mgt., LLC v HSBC Bank USA, N.A., 234 AD3d 948, 950; Wells Fargo Bank, N.A. v Edwards, 231 AD3d 1189, 1193).
Moreover, there is no merit to the plaintiff's contention that FAPA does not apply retroactively (see Van Dyke v U.S. Bank, Natl. Assn., _____ NY3d _____, 2025 NY Slip Op 06537, *5; Article 13 LLC v Ponce De Leon Fed. Bank, _____ NY3d _____, 2025 NY Slip Op 06536, *2-3). The plaintiff's challenges to the constitutionality of the retroactive application of FAPA are also without merit (see Van Dyke v U.S. Bank, Natl. Assn., _____ NY3d _____, 2025 NY Slip Op 06537, *5-8; Article 13 LLC v Ponce De Leon Fed. Bank, _____ NY3d _____, 2025 NY Slip Op 06536, *3-5; FV-1, Inc. v Palaguachi, 234 AD3d at 822; Deutsche Bank Natl. Trust Co. v Dagrin, 233 [*2]AD3d 1065, 1069-1071; 97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d 1038, 1043).
Accordingly, the Supreme Court, upon renewal, properly granted the defendants' prior motion, in effect, for summary judgment dismissing the complaint insofar as asserted against them as time-barred and on their counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage.
GENOVESI, J.P., WARHIT, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court