Federal Natl. Mtge. Assn. (Fannie Mae) v Brach (2026 NY Slip Op 01339)

Federal Natl. Mtge. Assn. (Fannie Mae) v Brach

2026 NY Slip Op 01339

Decided on March 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2024-05711
 (Index No. 511246/18)

[*1]Federal National Mortgage Association ("Fannie Mae"), etc., appellant, 
vMendel Brach, et al., defendants, David Weiss, et al., respondents.

McCarter & English, LLP, New York, NY (Adam M. Swanson and Timothy W. Salter of counsel), for appellant.
Berg & David PLLC, Inwood, NY (Sholom Wohlgelernter and Abraham David of counsel), for respondents.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated January 31, 2024. The order granted the motion of the defendants David Weiss and Meilech Eisenberg, sued herein as John Doe, for summary judgment dismissing the complaint as time-barred and on their counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage.
ORDERED that the order is affirmed, with costs.
In December 2002, Mendel Brach executed a note secured by a mortgage on certain real property located in Brooklyn. Thereafter, Brach deeded the property to the defendant David Weiss. In September 2008, the plaintiff's predecessor in interest commenced an action to foreclose the mortgage against Brach and Weiss, among others (hereinafter the 2008 action). However, the 2008 action was voluntarily discontinued in 2014.
In May 2018, the plaintiff commenced this action against Brach, among others, to foreclose the mortgage. The plaintiff subsequently discontinued the action insofar as asserted against Brach and amended the complaint to include Weiss as a named defendant. Weiss and Meilech Eisenberg, sued herein as John Doe, a tenant of the property (hereinafter together the defendants), interposed an answer to the amended complaint with various affirmative defenses and a counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage.
Thereafter, the defendants moved for summary judgment dismissing the amended complaint as time-barred and on their counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage. The plaintiff opposed the motion. In an order dated January 31, 2024, the Supreme Court granted the defendants' motion. The plaintiff appeals.
As a threshold matter, the Supreme Court properly rejected the plaintiff's contention that summary judgment was premature because discovery had not been completed. "A party who seeks a finding that a summary judgment motion is premature is required to put forth some [*2]evidentiary basis to suggest that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (Reale v Tsoukas, 146 AD3d 833, 835 [internal quotation marks omitted]). "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (HSBC Bank USA, N.A. v Armijos, 151 AD3d 943, 944 [internal quotation marks omitted]). Here, the plaintiff failed to satisfy its burden (see HSBC Bank USA, N.A. v Tigani, 185 AD3d 796, 798; Wells Fargo Bank, N.A. v Gonzalez, 174 AD3d 555, 557-558; Wells Fargo Bank, N.A. v Sasson, 167 AD3d 818, 819).
"An action to foreclose a mortgage is governed by a six-year statute of limitations" (U.S. Bank N.A. v Santos, 218 AD3d 827, 828; see CPLR 213[4]). However, "even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the statute of limitations begins to run on the entire debt" (Bank of N.Y. Mellon v Mor, 201 AD3d 691, 694). "The entire mortgage debt will be deemed to have been accelerated by, as relevant here, the commencement of a mortgage foreclosure action in which the complaint seeks payment of the full outstanding loan balance" (U.S. Bank N.A. v Connor, 204 AD3d 861, 863). "Under RPAPL 1501(4), a person with an estate or interest in real property subject to an encumbrance may maintain an action to secure the cancellation and discharge of the encumbrance, and to adjudge the estate or interest free of it, if the applicable statute of limitations for commencing a foreclosure action has expired" (U.S. Bank N.A. v Simon, 216 AD3d 1041, 1042 [internal quotation marks omitted]; see RPAPL 1501[4]).
Here, the defendants demonstrated, prima facie, that the mortgage debt was accelerated and that the six-year statute of limitations began to run in September 2008, when the plaintiff's predecessor in interest commenced the 2008 action and elected to call due the entire amount secured by the mortgage (see Deutsche Bank Natl. Trust Co. v Wong, 218 AD3d 742, 743-744). Moreover, under the Foreclosure Abuse Prevention Act (FAPA) (L 2022, ch 821 [eff Dec. 30, 2022]), the voluntary discontinuance of the 2008 action did not serve to de-accelerate the mortgage debt or revive or reset the statute of limitations (see CPLR 3217[e]; 203[h]; IPA Asset Mgt., LLC v HSBC Bank USA, N.A., 234 AD3d 948, 950; Citimortgage, Inc. v Gunn, 234 AD3d 922, 924). Insofar as the plaintiff concedes that this action was not commenced until May 2018, more than six years after the statute of limitations began to run, the defendants further established, prima facie, that this action was time-barred (see CPLR 213[4]; U.S. Bank N.A. v Outlaw, 217 AD3d 721, 722-723).
In opposition to the defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact. The plaintiff's arguments challenging the retroactive application of FAPA are without merit (see FV-1, Inc. v Palaguachi, 234 AD3d 818; Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d 1065; 97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d 1038). Moreover, the plaintiff's contention that FAPA violates the Due Process Clause of the United States and New York Constitutions and the Contracts Clause of the United States Constitution is without merit (see FV-1, Inc. v Palaguachi, 234 AD3d 818; Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d 1065; 97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d 1038).
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the amended complaint as time-barred and on their counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage.
BARROS, J.P., FORD, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court