MTGLQ Invs., L.P. v Foshee

2026 NY Slip Op 02263

April 15, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

MTGLQ Investors, L.P., appellant,

v

Alvina Foshee, etc., respondent, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 15, 2026

2024-08879, (Index No. 622765/18)

Francesca E. Connolly, J.P.

Paul Wooten

Janice A. Taylor

Carl J. Landicino, JJ.

Knuckles & Manfro, LLP, Tarrytown, NY (Louis A. Levithan of counsel), for appellant.

Anderson Bowman Wallshein PLLC, Melville, NY (Charles Wallshein of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Christopher Modelewski, J.), dated April 23, 2024. The order granted the cross-motion of the defendant Alvina Foshee for summary judgment dismissing the complaint insofar as asserted against her and denied, as academic, the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against that defendant, to strike that defendant's answer, and for an order of reference.

ORDERED that the order is affirmed, with costs.

In August 2007, the defendant Alvina Foshee (hereinafter the defendant) and Gregory Foshee executed a note in favor of the plaintiff's predecessor in interest, Bank of America, N.A. (hereinafter BOA), which was secured by a mortgage on certain real property located in Amityville. In May 2012, BOA commenced an action to foreclose the mortgage (hereinafter the 2012 action). However, in 2014, counsel for BOA filed an affirmation of discontinuance of action and an attorney affirmation of cancellation of notice of pendency in connection with the 2012 action.

In November 2018, the plaintiff, as assignee of the note and mortgage, commenced this action against the defendant, among others, to foreclose the mortgage. After the defendant interposed an answer, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference. The defendant opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against her as time-barred. The plaintiff opposed the cross-motion. By order dated April 23, 2024, the Supreme Court granted the defendant's cross-motion and denied, as academic, the plaintiff's motion. The plaintiff appeals.

An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]; Lubonty v U.S. Bank N.A., 34 NY3d 250, 261). Where, as here, a mortgage is payable in installments, separate causes of action accrue for each installment that is not paid and the statute of limitations begins to run on the date each installment becomes due (see U.S. Bank Trust, N.A. v [*2]Reizes, 222 AD3d 907, 909; Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867). However, once the mortgage debt is accelerated, the entire balance of the debt accrues and the statute of limitations begins to run on the full amount due (see GMAT Legal Title Trust 201411 v Kator, 213 AD3d 915, 916; EMC Mtge. Corp. v Patella, 279 AD2d 604, 605).

Here, the defendant demonstrated, prima facie, that the six-year statute of limitations began to run in May 2012, when BOA commenced the 2012 action and elected in the complaint to call due the entire amount secured by the mortgage (see HSBC Bank USA, N.A. v Corrales, 224 AD3d 816, 818). The defendant further demonstrated that this action was commenced in November 2018, more than six years later (see CPLR 213[4]; U.S. Bank N.A. v Simon, 216 AD3d 1041, 1042-1043). Thus, the defendant established, prima facie, that this action was untimely (see Deutsche Bank Natl. Trust Co. v DiGiorgio, 237 AD3d 899, 900-901).

In opposition to the defendant's prima facie showing, the plaintiff failed to raise a triable issue of fact. The plaintiff contends that the voluntary discontinuance of the 2012 action served to reset the statute of limitations and that, therefore, this action was timely. However, pursuant to the Foreclosure Abuse Prevention Act (FAPA) (L 2022, ch 821 [eff Dec. 30, 2022]), the voluntary discontinuance of the 2012 action did not serve to de-accelerate the mortgage debt or revive or reset the statute of limitations (see CPLR 3217[e]; 203[h]; IPA Asset Mgt., LLC v HSBC Bank USA, N.A., 234 AD3d 948; Citimortgage, Inc. v Gunn, 234 AD3d 922).

Moreover, there is no merit to the plaintiff's contention that FAPA does not apply retroactively (see Van Dyke v U.S. Bank, Natl. Assn., _____ NY3d _____, _____, 2025 NY Slip Op 06537, *5; Article 13 LLC v Ponce De Leon Fed. Bank, _____ NY3d _____, _____, 2025 NY Slip Op 06536, *2-3). The plaintiff's challenges to the constitutionality of the retroactive application of FAPA are also without merit (see Van Dyke v U.S. Bank, Natl. Assn., _____ NY3d at _____, 2025 NY Slip Op 06537, *5-8; Article 13 LLC v Ponce De Leon Fed. Bank, _____ NY3d at _____, 2025 NY Slip Op 06536, *3-5; U.S. Bank N.A. v Singh, _____AD3d _____, _____, 2026 NY Slip Op 01242, *2; FV-1, Inc. v Palaguachi, 234 AD3d 818, 822; Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d 1065, 1069-1071; 97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d 1038, 1043).

Accordingly, the Supreme Court properly granted the defendant's cross-motion for summary judgment dismissing the complaint insofar as asserted against her as time-barred and denied, as academic, the plaintiff's motion, among other things, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference.

CONNOLLY, J.P., WOOTEN, TAYLOR and LANDICINO, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court