Wells Fargo Bank, N.A. v 685 Ga., LLC
2026 NY Slip Op 04000
June 24, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Wells Fargo Bank, National Association, etc., respondent,
v
685 Georgia, LLC, appellant, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 24, 2026
2022-06047, 2022-06048, (Index No. 501785/17)
Mark C. Dillon, J.P.
Valerie Brathwaite Nelson
Helen Voutsinas
Susan Quirk, JJ.

Rosenberg Fortuna & Laitman, LLP, Garden City, NY (Anthony R. Filosa of counsel), for appellant.
Greenberg Traurig, LLP, New York, NY (Leah N. Jacob of counsel), for respondent.

[*1]
DECISION & ORDER
In an action to foreclose a mortgage, the defendant 685 Georgia, LLC, appeals from two orders of the Supreme Court, Kings County (Mark I. Partnow, J.), both dated June 7, 2022. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant 685 Georgia, LLC, and for an order of reference, and denied that branch of that defendant's cross-motion which was for summary judgment dismissing the complaint insofar as asserted against it. The second order, insofar as appealed from, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the orders are reversed insofar as appealed from, on the law, with one bill of costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant 685 Georgia, LLC, and for an order of reference are denied, and that branch of that defendant's cross-motion which was for summary judgment dismissing the complaint insofar as asserted against it is granted.
Rotimi Erobobo (hereinafter the borrower) executed a note. The note was secured by a mortgage encumbering certain real property located in Brooklyn. In December 2009, the plaintiff commenced an action against, among others, the borrower to foreclose the mortgage (hereinafter the 2009 action). Ultimately, the 2009 action was discontinued. By deed dated April 10, 2013, the borrower conveyed the property to Georgia Estates, Inc. (hereinafter Georgia Estates). On October 1, 2015, the borrower executed a loan modification agreement with the plaintiff. By deed dated December 28, 2015, Georgia Estates conveyed the property to the defendant 685 Georgia, LLC (hereinafter the defendant).
In January 2017, the plaintiff commenced this action against the defendant, among others, to foreclose the mortgage. The defendant answered the complaint, raising, among other things, the statute of limitations as an affirmative defense. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant cross-moved, among other things, for summary judgment dismissing the [*2]complaint insofar as asserted against it as time-barred. In an order dated June 7, 2022, the Supreme Court, inter alia, granted those branches of the plaintiff's motion and denied that branch of the defendant's cross-motion, determining that under the circumstances, the loan modification agreement "was effective to extend the statute of limitations." In a second order dated June 7, 2022, the court, among other things, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff. The defendant appeals from both orders.
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the statute of limitations begins to run on the entire debt" (JPMorgan Chase Bank, N.A. v Turkov, 242 AD3d 1069, 1070 [internal quotation marks omitted]; see Deutsche Bank Natl. Trust Co. v DiGiorgio, 237 AD3d 899, 900). "Acceleration occurs, inter alia, by the commencement of a foreclosure action wherein the [holder of the note] elects in the complaint to call due the entire amount secured by the mortgage" (GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d 915, 916; see Deutsche Bank Natl. Trust Co. v DiGiorgio, 237 AD3d at 900).
Here, the defendant demonstrated, prima facie, that the six-year statute of limitations began to run in December 2009, when the plaintiff commenced the 2009 action and elected in the complaint to call due the entire amount secured by the mortgage (see HSBC Bank USA, N.A. v Corrales, 224 AD3d 816, 818). The defendant further demonstrated that this action was commenced in January 2017, more than six years later (see CPLR 213[4]; U.S. Bank N.A. v Simon, 216 AD3d 1041, 1042-1043). Thus, the defendant demonstrated, prima facie, that this action was time-barred (see Deutsche Bank Natl. Trust Co. v DiGiorgio, 237 AD3d at 901).
In opposition to the defendant's prima facie showing, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, its execution of the loan modification agreement with the borrower on October 1, 2015, did not reset or extend the statute of limitations. Initially, while the plaintiff contends otherwise, the defendant, as the owner of the property, had standing to challenge the loan modification agreement (see Silverberg v Bank of N.Y. Mellon, 165 AD3d 1193, 1195). Further, under the circumstances, since the borrower's rights to the property had been extinguished when he executed the loan modification agreement, that agreement could not reset or extend the statute of limitations.
The parties' remaining contentions either have been rendered academic in light of our determination, are improperly raised for the first time on appeal, or are without merit.
Accordingly, the Supreme Court should have granted that branch of the defendant's cross-motion which was for summary judgment dismissing the complaint insofar as asserted against it as time-barred and denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference.
DILLON, J.P., BRATHWAITE NELSON, VOUTSINAS and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court